UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Elton S. Porter III | § § § § § § § § § § § § | |
| | § | Civil Action No. |
| v | § | 5:18-cv-1245 |
| | § | |
| Medicredit, Inc. | § | |

Complaint

_____

# Introduction

1. Unwanted calls to cell phone are epidemic. "Robocalls" are the number one consumer complaint in America today.

2. In 2014 the Federal Trade Commission and Federal Communications Commission received 1,949,603 complaints about harassing robocalls. In 2015 complaints climbed to 2,636,477, in 2016 it was 3,857,627, in 2017 the FCC alone received 4,501,967 complaints.

3. Defendant Medicredit has a corporate policy to robocall people, even after they have revoked consent to receive auto-dialed calls.

4. In enacting the TCPA, Senator Hollings, the TCPA's sponsor, described auto-dialed calls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the phone out of the

wall" 137 Cong. Rec. 30, 821 (1991). The penalties put in place 27 years ago are insufficient to deter abusive robocalling.

5. The Fair Debt Collection Practices Act was enacted to protect consumers from misrepresentations by debt collectors. In enacting the FDCPA, Congress noted that abusive, deceptive, and unfair debt collection practices contributed to the number of personal bankruptcies, marital instability, job loss, and invasions of individual privacy.

6. The FDCPA requires that third-party debt collectors make certain disclosures to a consumer as part of, or within five days of, their initial communication with the consumer. These disclosures are required to include, among other information, the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(a)(2).

7. The Fifth Circuit held in that a collection letter is to be evaluated under an unsophisticated or least sophisticated standard. *Goswami v. American Collections Enterprise*, 377 F.3d 488 (5th Cir. 2004).

8. Plaintiff, Elton Porter, alleges Defendant Medicredit, Inc, robocalled him dozens of times in clear violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and sent communications in violation the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, and the Texas Debt Collection Act, and Tex. Fin. Code 392.001 *et seq*.

## Jurisdiction & Venue

9. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

11. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## Parties

12. Plaintiff, Elton S. Porter, III, is a natural person who resides in and has resided near Kerrville, Kerr County, Texas at all times relevant to this action.

13. Defendant, Medicredit, Inc. is a Missouri corporation whose primary business address is 111 Corporate Office Dr Ste 200 Earth City, MO 63045-1506. It may be served with summons via its registered agent Ct Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

## Facts

14. Medicredit regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

15. The principal purpose of Medicredit is the collection of such debts.

16. The Debt is a defaulted debt that Porter used for personal, family, and household purposes (the "Debt").

17. In February 2017, Porter received treatment for a heart attack at Sid Peterson Hospital in Kerrville, Texas.

18. After he was sedated and stabilized, he was taken, by helicopter, to a hospital in San Antonio.

19. He was further treated in San Antonio, and within about 30 hours of arriving in San Antonio, he was discharged.

20. Soon after arriving back home, Porter received communications from Air Methods Corporation and Rocky Mountain Holdings alleging he owed $52,696 for the 53 mile flight from Kerrville to San Antonio.

21. Porter submitted the bill to his insurance, who determined that $10,100 was a reasonable amount for the service provided.

22. Rocky Mountain's invoices reflected the insurance company's payment.

23. In September of this year, Medicredit sent an initial communication to Porter.

24. The initial communication is attached as Exhibit A.

25. A true and correct copy of Exhibit A is attached, except that it has been redacted per Fed. R. Civ. P. 5.2.

26. The initial communication states "Creditor Name: ROCKY MOUNTAIN HOLDINGS, LLC."

27. The initial communication states "Last Payment Date: 00/00/0000" indicating no payment has been made on the account.

28. Around this same time Medicredit began reporting the Debt on Porter's credit report.

29. Medicredit's credit reporting indicated that the alleged Debt is owed to Medicredit, not Rocky Mountain Holdings as alleged in the initial communication.

30. Following the initial letter, Medicredit began a campaign of calling Porter's cell phone in an attempt to collect the Debt.

31. Medicredit placed dozens of calls, many of which began with a recorded message.

32. Porter never gave Rocky Mountain Holdings, Air Methods Corporation, or Medicredit consent to call his cell phone. If he did he revoked the consent after receiving the first call.

33. Medicredit has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts.

34. Medicredit has numerous other federal lawsuits pending against it all alleging similar violations as stated in this complaint.

35. Medicredit's communications were made in violation of the TCPA and deprived Porter of truthful, non-misleading information in violation of the FDCPA and TDCA.

## First Cause of Action – Telephone Consumer Protection Act

36. Medicredit willfully violated the TCPA with respect to Porter each time it called him after he revoked his consent to be called by using an ATDS or pre-recorded voice.

37. Medicredit knowingly violated the TCPA with respect to Porter, especially for each of the auto-dialed calls made to his cell phone after he revoked his consent to be called using an ATDS or pre-recorded voice.

38. Medicredit repeatedly placed non-emergency telephone calls to Porter's wireless number using an automatic telephone dialing system or prerecorded or artificial voice without Porter's prior express written consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

39. As a result of Medicredit's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

## Second Cause of Action – Fair Debt Collection Practices Act

40. Medicredit is a debt collector as defined by 15 U.S.C. § 1692a(6).

41. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

42. Porter is a consumer as defined by 15 U.S.C. § 1692a(3).

43. The initial communication is a communication as defined by 15 U.S.C. § 1692a(2).

44. Medicredit caused Porter's credit report to indicate that the "Creditor's Name" was Medicredit when the initial letter stated it was Rocky Mountain Holdings. If true this communication makes the representation in Exhibit A that the debt is owed to Rocky Mountain Holdings false in

violation of 15 U.S.C. § 1692e(2)(A). If false this communication constitutes false credit reporting in violation of 15 U.S.C. § 1692e(2)(8).

45. Medicredit's initial communication failed to reflect the payment that had been made on the alleged Debt in violation of 15 U.S.C. § 1692e(2)(a).

### Third Cause of Action – Texas Debt Collection Act

46. Porter is a consumer as defined by Tex. Fin. Code § 392.001(1).

47. The Debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

48. Medicredit is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

49. Placing repeated unwanted calls is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

50. Medicredit violated Tex. Fin. Code 392.302(4) by causing Porter's phone to ring by making repeated calls with the intent to harass him.

51. Medicredit violated Tex. Fin. Code 392.304(4) by failing to disclose clearly, in any communication, the name of the person to whom the debt as been assigned or is owed.

### Fourth Cause of Action – Invasion of Privacy

52. Medicredit, through its collection activities, repeatedly and intentionally intruded Porter's solitude, seclusion, or private affairs.

53. All of the calls made to his cell phone were made with an automatic telephone dialing system, in violation of the TCPA, would be highly offensive to a reasonable person.

54. These autodialed calls interrupted Porter's privacy, disrupted his sleep, interrupted his mealtimes, and continually frustrated and annoyed him.

## Jury Demand

55. Plaintiff demands this case be tried before a jury.

## Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

d. Statutory damages per 47 U.S.C. 227(b)(3);

e. Actual damages per Tex. Fin. Code § 392.403(a)(2); and

f. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

g. All other relief, at law or in equity that the Court may find to be just and proper.

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com