**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| ELTON S. PORTER III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:18-CV-01245-XR |
| ) | |
| MEDICREDIT, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT MEDICREDIT, INC.'S ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant Medicredit, Inc. ("Medicredit"), through counsel, files its Answer and Affirmative Defenses to Plaintiff's Complaint:

**Introduction**

1. The matters asserted in Paragraph 1 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

2. The matters asserted in Paragraph 2 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

3. The matters asserted in Paragraph 3 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

4. The matters asserted in Paragraph 4 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

5. The matters asserted in Paragraph 5 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

6. The matters asserted in Paragraph 6 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

7. The matters asserted in Paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

8. The matters asserted in Paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

**Jurisdiction & Venue**

9. The matters asserted in Paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit does not contest this Court's subject matter jurisdiction at this time but reserves the right to do so.

10. The matters asserted in Paragraph 10 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit does not contest this Court's subject matter jurisdiction at this time but reserves the right to do so.

11. The matters asserted in Paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit does not contest venue in this Court.

**Parties**

12. Medicredit is without sufficient information to admit or deny the allegations of Paragraph 12 of the Complaint and therefore denies the same.

13. Admit.

**Alleged Facts**

14. Admit.

15. Admit.

16. Admit

17. Medicredit admits that Plaintiff received medical treatment at Peterson Regional Hospital in February of 2017.  Medicredit is without sufficient information to admit or deny the remainder of the allegations in Paragraph 17 of the Complaint and therefore denies the same.

18. Medicredit admits that Plaintiff was transported via helicopter.  Medicredit is without sufficient information to admit or deny the remainder of the allegations in Paragraph 18 of the Complaint and therefore denies the same.

19. Medicredit is without sufficient information to admit or deny the allegations in Paragraph 19 of the Complaint and therefore denies the same.

20. Medicredit is without sufficient information to admit or deny the allegations in Paragraph 20 of the Complaint and therefore denies the same.

21. Medicredit is without sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore denies the same.

22. Admit.

23. Medicredit admits that it sent Plaintiff an initial "dunning" notice, but denies that it did so in September of 2018.

24. Medicredit admits that a copy of a portion of a written communication from it to Plaintiff is attached to Complaint as Exhibit A.  Medicredit denies that Exhibit A is a true and accurate copy of the complete initial "dunning" notice that it sent to Plaintiff.  Exhibit A is redacted, including the date of mailing, which is not required to be redacted under F.R.C.P. 5.2.  Exhibit A is also missing pages from the true, accurate, and complete initial "dunning" notice Medicredit sent.

25. Medicredit admits that a copy of a portion of a written communication from it to Plaintiff is attached to Complaint as Exhibit A.  Medicredit denies that Exhibit A is a true and

accurate copy of the complete initial "dunning" notice that it sent to Plaintiff. Exhibit A is redacted, including the date of mailing, which is not required to be redacted under F.R.C.P. 5.2. Exhibit A is also missing pages from the true, accurate, and complete initial "dunning" notice Medicredit sent.

26. The matters asserted in Paragraph 26 of the Complaint concern a legal document the terms of which speak for themselves. To the extent a response is required, Medicredit admits that the initial "dunning" notice it sent to Plaintiff states "Creditor Name: ROCKY MOUNTAIN HOLDINGS, LLC". Medicredit denies the matters asserted in Paragraph 26 of the Complaint to the extent they misconstrue the initial "dunning" notice.

27. The matters asserted in Paragraph 27 of the Complaint concern a legal document the terms of which speak for themselves. To the extent a response is required, Medicredit admits that the initial "dunning" notice it sent to Plaintiff states "Last Payment Date: 00/00/0000". Medicredit denies the matters asserted in Paragraph 27 of the Complaint to the extent they misconstrue the initial "dunning" notice.

28. Medicredit admits that it reported Plaintiff's debt but denies that it was "around" the time it sent the initial "dunning" notice.

29. Medicredit is without sufficient information to admit or deny the allegations in Paragraph 29 of the Complaint and therefore denies the same.

30. Medicredit admits that it placed calls to Plaintiff, but denies the remainder of the allegations asserted in Paragraph 30 of the Complaint.

31. Medicredit admits that it placed calls to Plaintiff, but denies the remainder of the allegations asserted in Paragraph 30 of the Complaint.

32. Deny.

33. Deny.

34. Medicredit admits that it is a party to other litigation, but denies any wrongdoing or liability in any of those cases.

35. Deny.

**First Cause of Action – Telephone Consumer Protection Act**

36. Deny.

37. Deny.

38. Deny.

39. Deny.

**Second Cause of Action – Fair Debt Collection Practices Act**

40. Admit.

41. Admit.

42. The matters asserted in Paragraph 42 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

43. The matters asserted in Paragraph 43 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

44. Medicredit is without sufficient information to admit or deny the allegations in Paragraph 44 of the Complaint and therefore denies the same. Further, the matters asserted in Paragraph 44 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

45. Deny.

**Third Cause of Action – Texas Debt Collection Act**

46. The matters asserted in Paragraph 46 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

47. Admit.

48. Admit.

49. The matters asserted in Paragraph 49 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Medicredit denies the same.

50. Deny.

51. Deny.

**Fourth Cause of Action – Invasion of Privacy**

52. Deny.

53. Deny.

54. Deny.

## AFFIRMATIVE DEFENSES

A. All allegations set forth in the Complaint that have not been specifically admitted by Medicredit are hereby denied.

B. The Complaint fails to state a claim upon which relief can be granted in that Plaintiff's Complaint states mere legal conclusions without any factual support.

C. Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches, waiver, estoppel, and unclean hands.

D. Medicredit states that the Federal Communications Commission ("FCC") has exclusive rulemaking authority under the TCPA. Pursuant to that rulemaking authority, the FCC also issues orders providing guidance on interpretation and compliance with its provisions. On

January 4, 2008, the FCC adopted its Declaratory Ruling 07-232, in "In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."  In part, this Declaratory Ruling provided:

> [A]utodialed and prerecorded message calls to wireless numbers that are provided by the called party to a creditor in connection with an existing debt are permissible as calls made with the 'prior express consent' of the called party, and, that the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.

<u>In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991</u>, 23 F.C.C. Rcd. 559, 564 (2008).  And, referring to an earlier Order entered in 1992, the FCC stated:

> [P]ersons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary. <u>Id.</u>

E.    Medicredit states that Plaintiff's claims for violation of the Telephone Consumer Protection Act ("the TCPA") are preempted by the provisions of 15 U.S.C. § 1692, *et seq*., the Fair Debt Collection Practices Act ("FDCPA").  The FDCPA was specifically enacted by Congress to regulate communications in the collection of consumer debts, whereas the TCPA was enacted solely for the purpose of regulating telemarketing calls, not calls placed in connection with collection of debts.  Therefore, imposing liability on Medicredit under the TCPA for any communications made to Plaintiff, and that were not telemarketing calls, violates the express intent and purpose of the TCPA.

F.    Medicredit states that Plaintiff has failed to plead allegations with required particularity, failed to plead damages with required specificity, and has sustained no actual damages.  Alternatively, Defendant asserts that any such damages incurred were not reasonably foreseeable and/or that Plaintiff has failed to mitigate her damages, if any.

G. Medicredit asserts that any and all failures to comply with the requirements of the FDCPA and/or TDCA which may have occurred and about which Plaintiff complains, if they occurred, were not intentional but resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error; therefore, under the provisions of the FDCPA or TDCA Defendant is not liable to Plaintiff.

H. Medicredit states that to the extent that it has inadvertently violated the TCPA, TDCA, and/or FDCPA, such violation was accidental and unintentional.

I. Medicredit states that to the extent that it has inadvertently violated the TCPA, TDCA, and/or FDCPA, this was caused by the actions of third-parties, to wit: the creditor in providing Plaintiff's cellular telephone number to Medicredit, and in representing to Medicredit that Plaintiff consented to receiving phone calls, including by means of an ATDS and/or pre-recorded voice, at that number.

J. Plaintiff lacks standing to assert his claims under the TCPA, TDCA, and/or FDCPA.

K. Plaintiff provided his prior express consent to receiving telephone calls at any telephone number, including the number ending in 8754, and including by means of an ATDS and/or pre-recorded voice.

L. Medicredit presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as of yet unstated, affirmative defenses available. Medicredit hereby reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, Defendant Medicredit, Inc. prays that this Court dismiss Plaintiff's Complaint, with prejudice, for its costs incurred herein, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Mark A. McNitzky*
Mark A. McNitzky
Mark.McNitzky@ogletree.com
State Bar No. 24065730
OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.
112 East Pecan Street, Suite 2700
San Antonio, TX  78205
Telephone: (210) 354.1300
Facsimile: (210) 277.2702

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of January 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

William M. Clanton
Bill@clantonlawoffice.com
Law Office of Bill Clanton, P.C.
926 Chulie Drive
San Antonio, Texas  78216

*/s/ Mark A. McNitzky*
MARK A. McNITZKY